might have been released from any liability for rent subsequently accruing under the lease, had there been any (see Underhill v. Collins, 132 N. Y. 271, 30 N. E. 576), still he was not released from a liability that had already accrued previous to the surrender of the premises (see Cheesebrough v. Lieber, 18 Misc. Rep. 459, 42 N. Y. Supp. 1122; McGregor v. Board, 107 N. Y. 517, 14 N. E. 420; Conklin v. White, 17 Abb. N. C. 316). The authorities cited by the appellant refer to cases of hold-over, and do not apply to the case at bar.

The judgment should be affirmed, with costs. All concur.

(25 Misc. Rep. 751.)

## MURPHY v. METROPOLITAN ST. RY. ASS'N.

(Supreme Court, Appellate Term. January 23, 1899.)

1. BENEFICIAL ASSOCIATIONS—SUBSTITUTED BENEFICIARY—CONSENT.
　　A substituted beneficiary designated by a member of a beneficial association cannot recover a death benefit, where the association had not consented to the substitution, and its constitution made a substitution inoperative without its consent.

2. SAME.
　　The constitution of a beneficial association authorizing it to withhold its consent to the member's designation of one not a relative as a substituted beneficiary, until the member gives good reasons for the substitution, is not unreasonable as enabling the association to make an arbitrary denial of a member's rights.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Annie Murphy against the Metropolitan Street-Railway Association. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Henry A. Robinson, for appellant.
Samuel I. Ferguson, for respondent.

GIEGERICH, J. The plaintiff's claim against the defendant is based upon a paper writing, executed by one Barry, a member in good standing, whereby his intention that she should receive the death benefit conferred by his membership was, perhaps, sufficiently expressed, but, clearly, her case was not such as to support a recovery. Barry had designated his wife as his beneficiary in his original application, but she predeceased him, and, for the failure of a further designation, and acceptance by the association, the death benefit was payable to the member's personal representatives, this being the provision of the contract as represented by the association's constitution. Article 4, § 3. The attempted substitution of the plaintiff as beneficiary, by the paper afterwards subscribed by Barry, was never ratified by the defendant, nor embodied in any certificate authorizing the change, and yet the constitution (article 10) provided:

"An applicant may, in his application, or subsequently thereto, designate in writing a beneficiary to receive his death benefit, other than relatives en-

titled to receive the amounts payable in the event of the death of the applicant, in the application, on giving good and sufficient reasons for such designation; provided, however, that any change shall be invalid and inoperative until the board of trustees consents thereto."

There is no ambiguity in this provision, and the condition for the consent of the association is not unreasonable, since there is propriety in this method of regulating the relations of the association to the member and to the beneficiary, for the orderly conduct of their affairs, and for the protection of the member's interests against spurious or unconscionable claims. There is nothing in this record to show, or to lead to an inference, that the defendant's officers unreasonably refused to accept the plaintiff as Barry's beneficiary, for the proof is merely that she presented the paper in question to an officer of the defendant before Barry's death; and the defendant's failure to take action upon it, where the proposed designation was accompanied by no statement of reasons whatever by the member, as in compliance with the provision quoted, cannot be viewed, without more, as a prevention of performance or as an arbitrary denial by the association of the member's rights. The rule of law which calls for a liberal construction of a benevolent society's contract with the member, in favor of the latter, operates only where there is a possible ambiguity in the words employed, or where some unreasonable condition to the enjoyment of the benefits is annexed (Nibl. Mut. Ben. Soc. § 15); but here there was no ambiguity, and the particular provision which affects the plaintiff's cause of action was but a reasonable regulation governing a change of beneficiaries, compliance with which could not be dispensed with (Id. § 226). It results that, upon the death of Barry, the sum in suit became payable to his personal representatives, and that, under the state of facts disclosed, the defendant would not be protected, as against such parties as might be entitled to a distributive share of his estate, or as against his creditors, by making payment to the plaintiff. The unpaid sick benefits were not the subject of assignment, but followed the death benefit, for the contract so provided (Const. art. 11, § 5), and therefore no item of the recovery may be supported. While, upon the facts submitted, the complaint should perhaps be dismissed, it may be that the plaintiff might support her case by further proof, and therefore a new trial will be ordered. It follows from these views that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.